**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 2:08-cv-478 |
| | : | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., | : | |
| TPV INT'L (USA), INC., | : | |
| ENVISION PERIPHERALS, INC., | : | |
| TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., and | : | |
| TPV ELECTRONICS (FUJIAN) CO. LTD. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

---

**COMPLAINT**

Plaintiff Mondis Technology Ltd. ("Mondis" or "Plaintiff), by way of Complaint against

defendants Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision

Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., and TPV Electronics (Fujian) Co.

Ltd. (collectively, "TPV"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 101, *et seq*.

**THE PARTIES**

2.     Plaintiff Mondis is a corporation organized under the laws of England with its

principal place of business at 19 Perrins Lane, Hampstead, London NW3 1QY, England.

3.      On information and belief, Defendant Top Victory Electronics (Taiwan) Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe City, Taiwan, Republic of China.

4.      On information and belief, Defendant TPV Int'l (USA), Inc. is a corporation organized under the laws of California with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and with a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.

5.      On information and belief, Defendant Envision Peripherals, Inc. is a corporation organized under the laws of California with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and with a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.

6.      On information and belief, Defendant Top Victory Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of China with its principal place of business at Station of Honglu Town, 350301 Fuqing, Fujian, China.

7.      On information and belief, Defendant TPV Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of China with its principal place of business at Shangzheng Village, Yuanhong Road, 350301 Fuqing, Fujian, China.

8.      On information and belief, TPV is a interrelated group of companies which together comprise the world's largest manufacturer of monitors for personal computers.

## PRIOR LITIGATION AND SETTLEMENT

9.      Mondis acquired the right, title, and interest in and to U.S. Patent Nos. 6,057,812;

6,247,090; 6,304,236; 6,513,088; 6,549,970; 6,639,588; 6,686,895; and 7,089,342 ("the patents-

in-suit") from Hitachi, Ltd. (Hitachi").

10.     Hitachi and TPV were previously involved in a lawsuit in the United States

District Court for the Northern District of California, styled *Top Victory Electronics (Taiwan)*

*Co., Ltd. et al. v. Hitachi, Ltd., et al.*, Case No. C 03-5792 WHA (the "TPV-Hitachi litigation").

In that litigation, Hitachi asserted several of the patents-in-suit against TPV.  On November 12,

2004, Hitachi and TPV settled the TPV-Hitachi litigation by entering into an agreement (the

"Hitachi-TPV Agreement").  In the Hitachi-TPV Agreement, Hitachi granted TPV a non-

exclusive license under certain patents, including the patents-in-suit, to make, use, import, offer

for sale, sell, lease or otherwise transfer certain computer monitor products.

11.     On information and belief, on or about June 15, 2005, TPV entered into a

transaction (the "First Philips Acquisition") with Koninklijke Philips Electronics N.V.

("Philips") in which TPV acquired certain business assets and undertakings from Philips (the

"Philips Contributed Business"), and then merged the Philips Contributed Business into, or

otherwise combined it with, the business of TPV that dealt in Licensed Products (the "Enlarged

TPV Business").

12.     On information and belief, the Philips Contributed Business and the Enlarged

TPV Business include, among other things:  (a) facilities in Chungli, Taiwan that included the

headquarters of the Philips monitor business and Philips's global original equipment

manufacturer ("OEM") program management group; (b) facilities in Dongguan, China for

subcontracting LCD and CRT monitor assembly; (c) facilities in Szekesfehervar, Hungary for monitor assembly; (d) two facilities in Suzhou, China for monitor and television assembly; (e) Philips's OEM sales offices in Europe, Asia and the USA (Colorado Springs, Austin and Houston); (f) Philips's undertaking to withdraw from the OEM monitor business, and not to re-enter it for at least 3 years; and (g) Philips's undertaking to sell monitors only under its own brand name, and only on condition that TPV design, manufacture and supply all such monitors to Philips for a certain period.

13.     On or about July 8, 2008, Philips announced an agreement to transfer to TPV (the "Second Philips Acquisition") its remaining monitor business (the "Further Philips Contributed Business").  Upon information and belief, the Second Philips Acquisition was, or will have been, completed by the end of 2008, whereby the Further Philips Contributed Business was, or will have been, merged into, or otherwise combined with, the Enlarged TPV Business (the "Further Enlarged TPV Business").

14.     By the terms of the Hitachi-TPV Agreement, no license is granted for any products covered by any claims of the patents-in-suit made, used, sold, offered for sale, or imported into the United States by the Philips Contributed Business or the Further Philips Contributed Business (the "Unlicensed Monitors").

15.     Unlicensed Monitors include monitors sold under TPV's own brands as well as monitors supplied by TPV as an OEM, an original design manufacturer ("ODM"), and/or a contract manufacturer, pursuant to which it manufactures products for sale under the brands of others.

16.     TPV is on notice of its infringement with respect to some or all of the patents-in-suit, and Mondis is entitled to pre-suit damages pursuant to 35 U.S.C. § 287.

## JURISDICTION AND VENUE

17.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

18.     TPV manufactures, assembles and services monitors, including Unlicensed Monitors, and sells and offers those products and services for sale throughout the United States, including in the State of Texas generally and this judicial district in particular.  TPV has created a well-established U.S. distribution chain in relation to these products.  TPV knows, expects, and intends that by selling monitors, including Unlicensed Monitors, designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,057,812

19.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

20.     On May, 2, 2000, United States Letters Patent No. 6,057,812 ("the '812 Patent"), entitled IMAGE DISPLAY APPARATUS WHICH BOTH RECEIVES VIDEO INFORMATION AND OUTPUTS INFORMATION ABOUT ITSELF, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '812 Patent is attached as Exhibit A to this Complaint.

21.     Mondis is the assignee and owner of the right, title, and interest in and to the '812 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22.     TPV has been infringing the'812 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '812 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

23.     TPV has been further infringing the '812 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '812 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

24.     On information and belief, TPV has continued to infringe the '812 Patent despite being aware of that patent and its infringement of that patent.

25.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

26.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,247,090

27.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

28.     On June 12, 2001, United States Letters Patent No. 6,247,090 ("the '090 Patent"), entitled DISPLAY APPARATUS ENABLED TO CONTROL COMMUNICABILITY WITH AN EXTERNAL COMPUTER USING IDENTIFICATION INFORMATION, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '090 Patent is attached as Exhibit B to this Complaint.

29.     Mondis is the assignee and owner of the right, title, and interest in and to the '090 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

30.     TPV has been infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '090 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

31.     TPV has been further infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '090

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

32.     On information and belief, TPV has continued to infringe the '090 Patent despite

being aware of that patent and its infringement of that patent.

33.     On information and belief, TPV's acts of infringement as set out in the previous

paragraphs have been and continue to be deliberate, willful, and in reckless disregard of

Mondis's patent rights.

34.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,304,236

35.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

36.     On October 16, 2001, United States Letters Patent No. 6,304,236 ("the '236

Patent"), entitled DISPLAY APPARATUS FOR ADJUSTING THE DISPLAY IMAGE USING

A CONTROL SIGNAL FROM AN EXTERNAL COMPUTER, was duly and legally issued by

the United States Patent and Trademark Office.  A true and correct copy of the '236 Patent is

attached as Exhibit C to this Complaint.

37.     Mondis is the assignee and owner of the right, title, and interest in and to the '236 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

38.     TPV has been infringing the '236 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '236 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

39.     TPV has been further infringing the '236 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '236 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

40.     On information and belief, TPV has continued to infringe the '236 Patent despite being aware of that patent and its infringement of that patent.

41.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

42.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,513,088

43.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

44.     On January 28, 2003, United States Letters Patent No. 6,513,088 ("the '088 Patent"), entitled DISPLAY UNIT AND METHOD ENABLING BI-DIRECTIONAL COMMUNICATION WITH VIDEO SOURCE, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '088 Patent is attached as Exhibit D to this Complaint.

45.     Mondis is the assignee and owner of the right, title, and interest in and to the '088 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

46.     TPV has been infringing the '088 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '088 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

47.     TPV has been further infringing the '088 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '088

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

48.     On information and belief, TPV has continued to infringe the '088 Patent despite

being aware of that patent and its infringement of that patent.

49.     On information and belief, TPV's acts of infringement as set out in the previous

paragraphs have been and continue to be deliberate, willful, and in reckless disregard of

Mondis's patent rights.

50.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO, 6,549,970

51.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

52.     On April 15, 2003, United States Letters Patent No. 6,549,970 ("the '970

Patent"), entitled DISPLAY UNIT WITH CONTROLLER ENABLING BI-DIRECTIONAL

COMMUNICATION WITH COMPUTER, was duly and legally issued by the United States

Patent and Trademark Office.  A true and correct copy of the '970 Patent is attached as Exhibit E

to this Complaint.

53.     Mondis is the assignee and owner of the right, title, and interest in and to the '970 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

54.     TPV has been infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '970 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

55.     TPV has been further infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '970 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

56.     On information and belief, TPV has continued to infringe the '970 Patent despite being aware of that patent and its infringement of that patent.

57.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

58.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,639,588

59.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

60.     On October 28, 2003, United States Letters Patent No. 6,639,588 ("the '588

Patent"), entitled IMAGE DISPLAY APPARATUS, was duly and legally issued by the United

States Patent and Trademark Office.  A true and correct copy of the '588 Patent is attached as

Exhibit F to this Complaint.

61.     Mondis is the assignee and owner of the right, title, and interest in and to the '588

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

62.     TPV has been infringing the '588 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '588 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

63.     TPV has been further infringing the '588 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '588

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

64.     On information and belief, TPV has continued to infringe the '588 Patent despite being aware of that patent and its infringement of that patent.

65.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

66.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 6,686,895

67.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

68.     On February 3, 2004, United States Letters Patent No. 6,686,895 ("the '895 Patent"), entitled DISPLAY UNIT FOR DISPLAYING AN IMAGE BASED ON A VIDEO SIGNAL RECEIVED FROM A PERSONAL COMPUTER WHICH IS CONNECTED TO AN INPUT DEVICE, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '895 Patent is attached as Exhibit G to this Complaint.

69.     Mondis is the assignee and owner of the right, title, and interest in and to the '895 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

70.     TPV has been infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '895 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

71.     TPV has been further infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '895 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

72.     On information and belief, TPV has continued to infringe the '895 Patent despite being aware of that patent and its infringement of that patent.

73.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

74.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court. Mondis has no adequate remedy at law.

### COUNT VIII –INFRINGEMENT OF U.S. PATENT NO. 7,089,342

75.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth within.

76.     On August 8, 2006, United States Letters Patent No. 7,089,342 ("the '342

Patent"), entitled METHOD ENABLING DISPLAY UNIT TO BI-DIRECTIONALLY

COMMUNICATE WITH VIDEO SOURCE, was duly and legally issued by the United States

Patent and Trademark Office.  A true and correct copy of the '342 Patent is attached as Exhibit H

to this Complaint.

77.     Mondis is the assignee and owner of the right, title, and interest in and to the '342

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

78.     TPV has been infringing the '342 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '342 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

79.     TPV has been further infringing the '342 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '342

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

80.     On information and belief, TPV has continued to infringe the '342 Patent despite

being aware of that patent and its infringement of that patent.

81.     On information and belief, TPV's acts of infringement as set out in the previous

paragraphs have been and continue to be deliberate, willful, and in reckless disregard of

Mondis's patent rights.

82.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

## JURY DEMAND

83.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mondis demands a

trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Mondis respectfully demands judgment for itself and against TPV as

follows:

a.     That this Court adjudge that TPV has infringed each of the '812, '090, '236, '088,

'970, '588, '895, and '342 Patents;

b.      That this Court issue an injunction, enjoining TPV and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of said patents;

c.      That this Court ascertain and award Mondis damages sufficient to compensate it for the above infringement and that the damages so ascertained be trebled and awarded to Mondis with interest;

d.      That this Court find this case to be exceptional and award Mondis its attorneys fees, costs and expenses in this action; and

e.      That this Court award Mondis such other relief as the Court may deem just and proper.

Respectfully submitted,


Dated:  December 23, 2008                    /s/ Martin J. Black (Wesley Hill by permission)
                                             Martin J. Black
                                             Michael A. Fisher
                                             DECHERT LLP
                                             Cira Centre
                                             2929 Arch Street
                                             Philadelphia, PA 19104
                                             (215) 994-4000

                                             Jeffrey B. Plies
                                             George W. Webb III
                                             DECHERT LLP
                                             300 W. 6th Street
                                             Suite 1850
                                             Austin, TX 78701
                                             (512) 394-3000

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com
*Attorneys for Plaintiff Mondis Technology Ltd.*