# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MONDIS TECHNOLOGY LTD, § <br> Plaintiff, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:08-CV-478 (TJW) <br> TOP VICTORY ELECTRONICS § <br> (TAIWAN) CO. LTD. ET AL, § <br> § <br> Defendants. § <br> § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc.'s (collectively "Defendants") Motion to Transfer Venue to the Northern District of California. [Dkt. No. 49] Defendants request that this case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 20 and 21. After careful consideration of the parties' written submissions, Defendants' motion is DENIED for the reasons set forth in this opinion.

### I. Background

Plaintiff Mondis Technology, Ltd. ("Mondis") brings this suit alleging that Defendants infringe U.S. Patent Nos. 6,057,812; 6,247,090; 6,304,236; 6,513,088; 6,549,970; 6,639,588; 6,686,895; 7,089,342; 7,475,180; and 7,475,181 ("the patents-in-suit"). Defendant Envision Peripherals, Inc. ("Envision") is a California corporation with a principal place of business in Fremont, California. Defendant TPV International (USA), Inc. ("TPV USA") is a California corporation with its principal place of business in Austin, Texas. Defendant Top Victory

Electronics (Taiwan) Co., Ltd ("TPE Taiwan") is a Taiwanese corporation with its principal place of business in Taiwan. TPV Electronics (Fujian) Co., Ltd. ("TPV Fujian") and Top Victory Electronics (Fujian) Co., Ltd. ("TVE Fujian") are both Chinese corporations with their principal places of business in China. Plaintiff Mondis is an English corporation with its principal place of business in London, England.

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying *Volkswagen II* to rulings on transfer motions out of this circuit). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum. *Id.* at 315. Under the good cause

2

standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected." *Id.*

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those used for forum non conveniens dismissals, which include both public and private interest factors. *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### A. Private Interest Factors

#### a. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to

be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

Envision's location in Fremont, California, is within 100-miles of the Northern District of California. TPV USA's location in Austin, TX is roughly 1,200 miles closer to Marshall than to San Francisco.[1] Each of the defendants in Asia is closer to the Northern District of California, and the plaintiff in England is closer to the Eastern District of Texas. However, per the Federal Circuit's guidance in *In re Genentech*, the Court does not place very much emphasis on this additional travel time for the parties arriving from overseas. *In re Genentech*, 566 F.3d at 1344. Therefore, considering the locations of TPV USA and Envision, the Court finds that Defendants have not shown that the Northern District of California is clearly more convenient to the parties than the Eastern District of Texas.

With respect to the witnesses, both party and non-party witnesses are located throughout the United States, Asia, and Europe. Defendants appear to have cast a selective net in their identification of potential non-party witnesses. Defendants contend that the Video Electronics Standards Association's ("VESA") activities in the early 1990s will be highly relevant to its

---

[1] There are 337 driving miles between Austin, Texas and Marshall, Texas. There are 1,509 air miles between Austin, Texas and San Francisco, California.

4

invalidity defense. Defendants identified four individual VESA participants who reside in the Northern District of California, the named inventors who reside in Japan, and the VESA Executive Director who resides in New Hampshire.[2] The Court cannot undertake a meaningful analysis of the relative convenience to non-party witnesses absent a more thorough approach towards identifying non-party witnesses.[3] For example, Defendants have generally identified certain international corporate members of VESA, but have not identified any specific employees of the corporations or the corporate offices where they work. Defendant has not met its burden to show that this factor weighs in favor of transfer. The Court therefore finds that this factor is neutral.

### b. The Availability and Location of Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.* "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006).

Defendants contend that documents related to VESA are in the Northern District of California. Mondis argues that the same VESA documents Defendants would rely upon are already in Defendants' possession, evidenced in part by the fact that Defendants attached them to their briefings. While relevant evidence may be located in the Northern District of California, the

---

[2] Mondis clarifies that the Executive Director of VESA resides in New Hampshire, not southern California as Defendants initially believed.
[3] Defendants have specifically identified only five potential witnesses within the United States, of which 4 are within the Northern District of California.

Court finds that relevant evidence will also be located around the world, with a substantial amount of evidence coming from Asia because Defendants' products are designed and developed there. Furthermore, Defendants have not shown that any of the evidence located in the Northern District of California cannot be produced electronically, or that otherwise transporting the physical evidence to Marshall, Texas would pose an additional inconvenience.[4] The Court finds that this factor is neutral as to transfer.

### c. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

With respect to this factor, the Court again has difficulty undertaking a meaningful analysis because of the dearth of information regarding non-party witnesses. Nonetheless, Defendants have identified four witnesses who reside in the Northern District of California. Despite the fact that it appears that most witnesses are beyond the subpoena power of either forum, the Northern District of California has usable subpoena power whereas the Eastern District of Texas does not. *See In re Genentech*, 566 F.3d at 1345. This factor, therefore, weighs in favor of transfer.

### d. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and

---

[4] The *TS Tech* Court emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp.*, F. Supp. 2d 995, 1000 (E.D. Tex. Jan 30, 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

### B. Public Interest Factors

#### a. The Administrative Difficulties Caused by Court Congestion

Defendants have not shown that the Eastern District of Texas has administrative difficulties or slower disposition of cases. This factor is neutral as to transfer.

#### b. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue that the sale of allegedly infringing products throughout the Eastern District of Texas is not a sufficiently local interest to tilt this factor against a transfer. The Court agrees. *See Volkswagen II*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case); *accord In re TS Tech*, 551 F.3d at 1321. On the other hand, the fact that this District has no more of an interest in the dispute than any other district where the allegedly infringing activities are occurring does not necessitate transfer. *See In re Telular Corp.*, 319 Fed. Appx. 909, 912 (Fed. Cir. 2009). However, because one of the defendants maintains its principal place of business in the Northern District of California, this factor weighs in favor transfer.

#### c. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the Northern District of California are both capable of applying patent law to infringement claims. Defendants contend that a settlement and license agreement executed by Defendants and a third party will require the application of California law to the construction and affect of provisions of that agreement. This Court is capable of applying simple California contract law to issues that have not been raised in the pleadings and that are likely to be ancillary to the patent claims. This factor is neutral as to transfer.

### d. The Avoidance of Unnecessary Problems in Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

### e. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted). "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Plaintiffs have a related lawsuit against LG in this courthouse, which asserts the

same patents that are at issue in this case. *See Mondis Techs. Ltd. V. LG Elecs.*, Civil Action No. 2:07-cv-565. The two cases involve the same claim construction issues and have consolidated *Markman* hearings. Transferring the case will only consume unnecessarily additional judicial resources by requiring two separate courts to construe the terms of the same patent. The court finds that the interests of justice weigh heavily against transfer.

### III. Conclusion

For the reasons stated above, Defendants have failed to satisfy their burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, Defendants' motion is DENIED.

SIGNED this 23rd day of October, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE