**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 2:08-cv-478 |
| | : | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., | : | |
| TPV INT'L (USA), INC., | : | |
| ENVISION PERIPHERALS, INC., | : | |
| TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., | : | |
| TPV ELECTRONICS (FUJIAN) CO. LTD., | : | JURY TRIAL DEMANDED |
| AOC INTERNATIONAL, and | : | |
| TPV TECHNOLOGY LTD., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THIRD AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiff Mondis Technology

Ltd. ("Mondis" or "Plaintiff"), by way of  this Third Amended Complaint against defendants Top

Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top

Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., AOC International, and

TPV Technology Ltd. (collectively, "TPV"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.       This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 101, *et seq*.

## THE PARTIES

2.      Plaintiff Mondis is a corporation organized under the laws of England with its principal place of business at 19 Perrins Lane, Hampstead, London NW3 1QY, England.

3.      On information and belief, Defendant Top Victory Electronics (Taiwan) Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe City, Taiwan, Republic of China.

4.      On information and belief, Defendant TPV Int'l (USA), Inc. is a corporation organized under the laws of California with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and with a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.

5.      On information and belief, Defendant Envision Peripherals, Inc. is a corporation organized under the laws of California with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and with a registered agent at 350 North St. Paul Street, Dallas, Texas 75201.

6.      On information and belief, Defendant Top Victory Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of China with its principal place of business at Station of Honglu Town, 350301 Fuqing, Fujian, China.

7.      On information and belief, Defendant TPV Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of China with its principal place of business at Shangzheng Village, Yuanhong Road, 350301 Fuqing, Fujian, China.

8.      On information and belief, AOC International is a corporation organized under the laws of Taiwan with its principal place of business at 18Fl Far East Century Plaza – Bldg. B, 738 Chung Cheng Rd., Chungho City 235, Taiwan.

9.      On information and belief, TPV Technology Ltd. is a corporation organized under the laws of Bermuda with its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.

10.     On information and belief, TPV is an interrelated group of companies which together comprise the world's largest manufacturer of monitors for personal computers.

## PRIOR LITIGATION AND SETTLEMENT

11.     Mondis acquired the right, title, and interest in and to U.S. Patent Nos. 6,057,812; 6,247,090; 6,304,236; 6,513,088; 6,549,970; 6,639,588; 6,686,895; 7,089,342; 7,475,180; and 7,475,181  ("the patents-in-suit") from Hitachi, Ltd. (Hitachi").

12.     Hitachi and TPV were previously involved in a lawsuit in the United States District Court for the Northern District of California, styled *Top Victory Electronics (Taiwan) Co., Ltd. et al. v. Hitachi, Ltd., et al.*, Case No. C 03-5792 WHA (the "TPV-Hitachi litigation"). In that litigation, Hitachi asserted several of the patents-in-suit against TPV.  On November 12, 2004, Hitachi and TPV settled the TPV-Hitachi litigation by entering into an agreement (the "Hitachi-TPV Agreement").  In the Hitachi-TPV Agreement, Hitachi granted TPV a non-exclusive license under certain patents, including the patents-in-suit, to make, use, import, offer for sale, sell, lease or otherwise transfer certain computer monitor products.

13.     On information and belief, on or about June 15, 2005, TPV entered into a transaction (the "First Philips Acquisition") with Koninklijke Philips Electronics N.V.

("Philips") in which TPV acquired certain business assets and undertakings from Philips (the "Philips Contributed Business"), and then merged the Philips Contributed Business into, or otherwise combined it with, the business of TPV that dealt in Licensed Products (the "Enlarged TPV Business").

14.      On information and belief, the Philips Contributed Business and the Enlarged TPV Business include, among other things:  (a) facilities in Chungli, Taiwan that included the headquarters of the Philips monitor business and Philips's global original equipment manufacturer ("OEM") program management group; (b) facilities in Dongguan, China for subcontracting LCD and CRT monitor assembly; (c) facilities in Szekesfehervar, Hungary for monitor assembly; (d) two facilities in Suzhou, China for monitor and television assembly; (e) Philips's OEM sales offices in Europe, Asia and the USA (Colorado Springs, Austin and Houston); (f) Philips's undertaking to withdraw from the OEM monitor business, and not to re-enter it for at least 3 years; and (g) Philips's undertaking to sell monitors only under its own brand name, and only on condition that TPV design, manufacture and supply all such monitors to Philips for a certain period.

15.      On or about July 8, 2008, Philips announced an agreement to transfer to TPV (the "Second Philips Acquisition") its remaining monitor business (the "Further Philips Contributed Business").  Upon information and belief, the Second Philips Acquisition was completed on or about June 1, 2009, whereby the Further Philips Contributed Business was merged into, or otherwise combined with, the Enlarged TPV Business (the "Further Enlarged TPV Business").

16.      By the terms of the Hitachi-TPV Agreement, no license is granted for any products covered by any claims of the patents-in-suit made, used, sold, offered for sale, or

imported into the United States by the Philips Contributed Business or the Further Philips Contributed Business (the "Unlicensed Monitors").

17.     Unlicensed Monitors include monitors sold under TPV's own brands as well as monitors supplied by TPV as an OEM, an original design manufacturer ("ODM"), and/or a contract manufacturer, pursuant to which it manufactures products for sale under the brands of others.  Furthermore, although Mondis understands that TPV is now disputing the meaning of the terms "monitors" and "Unlicensed Monitors," it has been clear since the beginning of this lawsuit that these terms include any product that acts like a monitor when connected to a computer, regardless of whether TPV's advertising, marketing, and/or technical literature refers to it as a "television," a "TV," or an "HDTV," or whether it contains television functionality in addition to its monitor functionality.  Upon information and belief, all products currently sold by TPV that are advertised as "televisions," "TVs" or "HDTVs" fall within the definition of monitor, since they contain Video Graphics Array (VGA) and/or other computer ports that allow them to be connected to computers and used as monitors.

18.     TPV is on notice of its infringement with respect to some or all of the patents-in-suit, and Mondis is entitled to pre-suit damages pursuant to 35 U.S.C. § 287.

## JURISDICTION AND VENUE

19.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

20.     TPV manufactures, assembles and services monitors, including Unlicensed

Monitors, and sells and offers those products and services for sale throughout the United States,

including in the State of Texas generally and this judicial district in particular.  TPV has created

a well-established U.S. distribution chain in relation to these products.  TPV knows, expects, and

intends that by selling monitors, including Unlicensed Monitors, designed for use in the U.S.

market, some of those products will be sold in the State of Texas, including in this judicial

district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,057,812

21.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

22.     On May, 2, 2000, United States Letters Patent No. 6,057,812 ("the '812 Patent"),

entitled IMAGE DISPLAY APPARATUS WHICH BOTH RECEIVES VIDEO

INFORMATION AND OUTPUTS INFORMATION ABOUT ITSELF, was duly and legally

issued by the United States Patent and Trademark Office.  A true and correct copy of the '812

Patent is attached as Exhibit A to this Complaint.

23.     Mondis is the assignee and owner of the right, title, and interest in and to the '812

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

24.     TPV has been infringing the '812 Patent, and contributing to and actively inducing

the infringement of said patent by others in the United States, by making, using, selling, offering

for sale, and/or importing into the United States, including within this judicial district, certain

monitors that embody the inventions claimed in the '812 Patent.  Some or all of those monitors

are not within the license in the Hitachi-TPV Agreement or any other license or authorization. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

25.     TPV has been further infringing the '812 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '812 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

26.     On information and belief, TPV has continued to infringe the '812 Patent despite being aware of that patent and its infringement of that patent.

27.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

28.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,247,090

29.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

30.     On June 12, 2001, United States Letters Patent No. 6,247,090 ("the '090 Patent"), entitled DISPLAY APPARATUS ENABLED TO CONTROL COMMUNICABILITY WITH AN EXTERNAL COMPUTER USING IDENTIFICATION INFORMATION, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '090 Patent is attached as Exhibit B to this Complaint.

31.     Mondis is the assignee and owner of the right, title, and interest in and to the '090 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

32.     TPV has been infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '090 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

33.     TPV has been further infringing the '090 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '090 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

34.     On information and belief, TPV has continued to infringe the '090 Patent despite being aware of that patent and its infringement of that patent.

35.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

36.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,304,236

37.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

38.     On October 16, 2001, United States Letters Patent No. 6,304,236 ("the '236 Patent"), entitled DISPLAY APPARATUS FOR ADJUSTING THE DISPLAY IMAGE USING A CONTROL SIGNAL FROM AN EXTERNAL COMPUTER, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '236 Patent is attached as Exhibit C to this Complaint.

39.     Mondis is the assignee and owner of the right, title, and interest in and to the '236 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

40.     TPV has been infringing the '236 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '236 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

41.    TPV has been further infringing the '236 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '236

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.

§§ 271(a), (b), and (c).

42.    On information and belief, TPV has continued to infringe the '236 Patent despite

being aware of that patent and its infringement of that patent.

43.    On information and belief, TPV's acts of infringement as set out in the previous

paragraphs have been and continue to be deliberate, willful, and in reckless disregard of

Mondis's patent rights.

44.    Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,513,088

45.    Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

46.     On January 28, 2003, United States Letters Patent No. 6,513,088 ("the '088

Patent"), entitled DISPLAY UNIT AND METHOD ENABLING BI-DIRECTIONAL

COMMUNICATION WITH VIDEO SOURCE, was duly and legally issued by the United States

Patent and Trademark Office.  A true and correct copy of the '088 Patent is attached as Exhibit D

to this Complaint.

47.     Mondis is the assignee and owner of the right, title, and interest in and to the '088

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

48.     TPV has been infringing the '088 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '088 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

49.     TPV has been further infringing the '088 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '088

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

50.     On information and belief, TPV has continued to infringe the '088 Patent despite being aware of that patent and its infringement of that patent.

51.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

52.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

<u>**COUNT V – INFRINGEMENT OF U.S. PATENT NO, 6,549,970**</u>

53.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

54.     On April 15, 2003, United States Letters Patent No. 6,549,970 ("the '970 Patent"), entitled DISPLAY UNIT WITH CONTROLLER ENABLING BI-DIRECTIONAL COMMUNICATION WITH COMPUTER, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '970 Patent is attached as Exhibit E to this Complaint.

55.     Mondis is the assignee and owner of the right, title, and interest in and to the '970 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

56.     TPV has been infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '970 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

57.     TPV has been further infringing the '970 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '970 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

58.     On information and belief, TPV has continued to infringe the '970 Patent despite being aware of that patent and its infringement of that patent.

59.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

60.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,639,588

61.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

62.     On October 28, 2003, United States Letters Patent No. 6,639,588 ("the '588

Patent"), entitled IMAGE DISPLAY APPARATUS, was duly and legally issued by the United

States Patent and Trademark Office.  A true and correct copy of the '588 Patent is attached as

Exhibit F to this Complaint.

63.     Mondis is the assignee and owner of the right, title, and interest in and to the '588

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

64.     TPV has been infringing the '588 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '588 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

65.     TPV has been further infringing the '588 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '588

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

66.     On information and belief, TPV has continued to infringe the '588 Patent despite being aware of that patent and its infringement of that patent.

67.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

68.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

<u>**COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 6,686,895**</u>

69.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

70.     On February 3, 2004, United States Letters Patent No. 6,686,895 ("the '895 Patent"), entitled DISPLAY UNIT FOR DISPLAYING AN IMAGE BASED ON A VIDEO SIGNAL RECEIVED FROM A PERSONAL COMPUTER WHICH IS CONNECTED TO AN INPUT DEVICE, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '895 Patent is attached as Exhibit G to this Complaint.

71.     Mondis is the assignee and owner of the right, title, and interest in and to the '895 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

72.     TPV has been infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '895 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

73.     TPV has been further infringing the '895 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '895 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

74.     On information and belief, TPV has continued to infringe the '895 Patent despite being aware of that patent and its infringement of that patent.

75.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

76.     Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

### COUNT VIII –INFRINGEMENT OF U.S. PATENT NO. 7,089,342

77.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth within.

78.     On August 8, 2006, United States Letters Patent No. 7,089,342 ("the '342

Patent"), entitled METHOD ENABLING DISPLAY UNIT TO BI-DIRECTIONALLY

COMMUNICATE WITH VIDEO SOURCE, was duly and legally issued by the United States

Patent and Trademark Office.  A true and correct copy of the '342 Patent is attached as Exhibit H

to this Complaint.

79.     Mondis is the assignee and owner of the right, title, and interest in and to the '342

Patent, including the right to assert all causes of action arising under said patent and the right to

any remedies for infringement of it.

80.     TPV has been infringing the '342 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '342 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

81.     TPV has been further infringing the '342 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '342

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

82.     On information and belief, TPV has continued to infringe the '342 Patent despite being aware of that patent and its infringement of that patent.

83.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

84.     Mondis has been damaged by TPV's infringing activities. On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court. Mondis has no adequate remedy at law.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 7,475,180

85.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

86.     On January 6, 2009, United States Letters Patent No. 7,475,180 ("the '180 Patent"), entitled DISPLAY UNIT WITH COMMUNICATION CONTROLLER AND MEMORY FOR STORING IDENTIFICATION NUMBER FOR IDENTIFYING DISPLAY UNIT, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '180 Patent is attached as Exhibit I to this Complaint.

87.     Mondis is the assignee and owner of the right, title, and interest in and to the '180 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

88.     TPV has been infringing the '180 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district,

certain monitors that embody the inventions claimed in the '180 Patent.  Some or all of those

monitors are not within the license in the Hitachi-TPV Agreement or any other license or

authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

89.     TPV has been further infringing the '180 Patent, and contributing to and actively

inducing the infringement of said patent by others in the United States, by providing to others

certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '180

Patent but are not within the license in the Hitachi-TPV Agreement or any other license or

authorization, with the knowledge, expectation, and intention that some of those monitors will be

sold, offered for sale, and used in the United States, and imported into the United States,

including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C.

§§ 271(a), (b), and (c).

90.     On information and belief, TPV has continued to infringe the '180 Patent despite

being aware of that patent and its infringement of that patent.

91.     On information and belief, TPV's acts of infringement as set out in the previous

paragraphs have been and continue to be deliberate, willful, and in reckless disregard of

Mondis's patent rights.

92.     Mondis has been damaged by TPV's infringing activities.  On information and

belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless

enjoined by this Court.  Mondis has no adequate remedy at law.

## COUNT X – INFRINGEMENT OF U.S. PATENT NO. 7,475,181

93.     Mondis repeats and realleges the allegations of the preceding paragraphs as if set

forth herein.

94.     On January 6, 2009, United States Letters Patent No. 7,475,181 ("the '181 Patent"), entitled DISPLAY UNIT WITH PROCESSOR AND COMMUNICATION CONTROLLER WHICH COMMUNICATES INFORMATION TO THE PROCESSOR, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '181 Patent is attached as Exhibit J to this Complaint.

95.     Mondis is the assignee and owner of the right, title, and interest in and to the '181 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

96.     TPV has been infringing the '181 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, certain monitors that embody the inventions claimed in the '181 Patent.  Some or all of those monitors are not within the license in the Hitachi-TPV Agreement or any other license or authorization.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

97.     TPV has been further infringing the '181 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by providing to others certain monitors, including Unlicensed Monitors, that embody the inventions claimed in the '181 Patent but are not within the license in the Hitachi-TPV Agreement or any other license or authorization, with the knowledge, expectation, and intention that some of those monitors will be sold, offered for sale, and used in the United States, and imported into the United States, including within this judicial district.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

98.     On information and belief, TPV has continued to infringe the '181 Patent despite being aware of that patent and its infringement of that patent.

99.     On information and belief, TPV's acts of infringement as set out in the previous paragraphs have been and continue to be deliberate, willful, and in reckless disregard of Mondis's patent rights.

100.    Mondis has been damaged by TPV's infringing activities.  On information and belief, TPV will continue its infringing activities, and thus continue to damage Mondis, unless enjoined by this Court.  Mondis has no adequate remedy at law.

## JURY DEMAND

101.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mondis demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Mondis respectfully demands judgment for itself and against TPV as follows:

a.      That this Court adjudge that TPV has infringed each of the '812, '090, '236, '088, '970, '588, '895,  '342, '180, and '181 Patents;

b.      That this Court issue an injunction, enjoining TPV and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of said patents;

c.      That this Court ascertain and award Mondis damages sufficient to compensate it for the above infringement and that the damages so ascertained be trebled as appropriate and awarded to Mondis with interest;

        d.      That this Court find this case to be exceptional and award Mondis its attorneys

fees, costs and expenses in this action; and

        e.      That this Court award Mondis such other relief as the Court may deem just and

proper.


                                              Respectfully submitted,


Dated:  April 15, 2010               /s/ Michael Fisher (by Patrick Kelley with
                                     permission)
                                     Martin J. Black
                                     martin.black@dechert.com
                                     **LEAD ATTORNEY**
                                     Michael A. Fisher
                                     michael.fisher@dechert.com
                                     Jeffrey S. Edwards
                                     jeffrey.edwards@dechert.com
                                     DECHERT LLP
                                     Cira Centre
                                     2929 Arch Street
                                     Philadelphia, PA 19104
                                     (215) 994-4000

                                     Jeffrey B. Plies
                                     jeffrey.plies@dechert.com
                                     **LEAD ATTORNEY**
                                     George W. Webb III
                                     george.webb@dechert.com
                                     Gretchen S. Sween
                                     gretchen.sween@dechert.com
                                     DECHERT LLP
                                     300 W. 6th Street
                                     Suite 1850
                                     Austin, TX 78701
                                     (512) 394-3000

Otis W. Carroll
Tex. Bar No. 03895700
Patrick Kelley
Tex. Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com
*Attorneys for Plaintiff Mondis Technology Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing THIRD AMENDED

COMPLAINT was served to all counsel of record via the Court's electronic delivery system this

15th day of April, 2010.

/s/ Patrick Kelley