IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD,<br>Plaintiff,<br><br>v.<br><br>TOP VICTORY ELECTRONICS<br>(TAIWAN) CO. LTD. ET AL,<br><br>Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 2:08-CV-478 (TJW) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Motion to Dismiss or Stay, and to Transfer Proceedings and Brief in Support. [Dkt. Nos. 97–98] After careful consideration of the parties' written submissions, Defendants' motion is GRANTED IN PART and DENIED IN PART for the reasons set forth in this opinion.

### I. Background

Plaintiff Mondis Technology, Ltd. ("Mondis") filed this action on December 23, 2008, alleging that Defendants infringe U.S. Patent Nos. 6,057,812; 6,247,090; 6,304,236; 6,513,088; 6,549,970; 6,639,588; 6,686,895; 7,089,342; 7,475,180; and 7,475,181 ("the patents-in-suit"). The Court held a scheduling conference on July 28, 2009 and entered discovery and docket control orders on October 22, 2009. On October 23, 2009 this Court denied Defendants' motion to transfer venue. [Dkt. No. 74]

The original, first-, and second-amended complaints asserted infringement claims against "monitors" generally. P.R. 3-1 governs the disclosure of asserted claims and infringement contentions and requires, for each asserted claim, identification "each accused apparatus, product,

device, . . . or other instrumentality . . . by name or model number, if know." P.R. 3-1(b). In accordance with the local rules and the docket control order, Mondis timely served its infringement contentions on September 14, 2009 and identified forty-one televisions. [Dkt. No. 99-4] Six months later, on March 24, 2010, Defendants' counsel objected to the inclusion of the forty-one televisions in the list of accused instrumentalities.

On April 13, 2010, the parties participated in mediation wherein they reached an agreement to submit at least a portion of their disputes to arbitration. Defendants "refused to discuss the accused televisions during the mediation" because, they argued, they were not on notice about Mondis' claims against the televisions. Dkt. No. 99 at 3. The parties agreed to arbitrate two issues: the extent to which Defendants' monitor sales increased as a result of its acquisition of Koninklijke Philips Electronics N.V. ("Philips") and the appropriate lump sum license fee to be paid for such increase. Dkt. No. 97–7. The parties further agreed to dismiss the "Texas litigation . . . with respect to *computer* monitors." *Id.* (emphasis supplied).

On April 14, 2010, Defendants filed an action in the Northern District of California, seeking a declaratory judgment that its televisions do not infringe the patents-in-suit. On April 15, 2010, Mondis timely amended its complaint to clarify that the term "monitors" includes "any product that acts like a monitor when connected to a computer, regardless of whether [Defendants'] advertising, marketing, and/or technical literature refers to it as a 'television,' a 'TV,' or an 'HDTV[.]'" Dkt. No. 91 at para. 17. The deadline for the parties to amend their pleading is not until August 10, 2010.

Defendants file the pending motions asking the Court to dismiss or stay all claims in light of the agreement to arbitrate, or, in the alternative, to transfer the television claims to the Northern

District of California to be consolidated with what Defendants consider to be the first-filed case. Mondis contends that the case in the Northern District of California is not the first-filed case. Mondis also argues that the agreement to arbitrate is narrow and does not apply to its claims relating to televisions.

## II. Legal Standard

A written agreement to arbitrate claims is enforceable. 9 U.S.C. § 2. The Federal Arbitration Act requires the Court to stay claims that are subject to an arbitration agreement if a party so requests. 9 U.S.C. § 3. If an action has some claims that are subject to an arbitration agreement and others that are not, "the court should stay proceedings as to those claims which are arbitrable." *Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979).

"The 'first-to-file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).

The first-to-file rule seeks to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co.*, 174 F.3d at 606. If there is a "likelihood of substantial overlap," the court in the first-filed action should determine whether

the second-filed action must be dismissed, stayed, or transferred and consolidated. *Id.* "In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). The "ultimate determination of whether there actually was a substantial overlap requiring consolidation of the two suits . . . belonged to the [first-filed court]." *Id.* at 408.

**III. Discussion**

Defendants assert that when Mondis amended its complaint to clarify that the term monitors included "any product that acts like a monitor when connected to a computer," Mondis added a claim that substantially overlapped with Defendants' suit in California. Defendants are partially correct. There is certainly a substantial overlap between Defendants' request for declaratory judgment that its televisions do not infringe the patents-in-suit and Mondis' claims for infringement of the patents-in-suit. The Court does not agree, however, that Mondis added any new claims with the Third Amended Complaint.

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). What has been considered to give sufficient notice is: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *Id.* at 1357 (citing Fed. R. Civ. P. Form 16 (2006)). Mondis' original complaint provides adequate notice that its claims of infringement encompassed televisions. Dkt. No. 1 at paras. 12, 22–23, 30–231, 38–39, 46–47, 54–55, 62–63, 70–71, 78–79.

4

Moreover, in accordance with the local rules, Mondis confirmed that televisions were the subject of its complaint in September 2009 when it supplied Defendants with its infringement contentions. Mondis had no duty to specifically identify the accused products until September 14, 2009, a date to which Defendants agreed. *See* Notice of Submission of Agreed Upon Docket Control Order and Discovery Order. [Dkt. No. 65] "The Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint." *Actus, LLC v. Bank of America Corp.*, 2010 WL 547183, *2 (E.D. Tex. Feb. 10, 2010). It is the infringement contentions, and not the complaint, that is the vehicle by which the plaintiff gives notice of its specific infringement theories. *See Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F.Supp.2d 703, 706 (E.D. Tex. 2008). The infringement contentions provide defendant the necessary notice and limit the scope of theories the plaintiff may present at trial. *See Fenner Investments, Ltd. v. Hewlett-Packard Co.*, 2010 WL 786606, *2 (E.D. Tex. Feb. 26, 2010). A full six months before Defendants filed their declaratory judgment action in California, Defendants were well on notice that Mondis believed that certain televisions fell within the purview of the monitors and displays that are protected by the patents-in-suit. Televisions were squarely before this Court well before Defendants' action in California, making this case the first-filed action.

With respect to Defendants' request for a stay or dismissal, the parties do not dispute that the claims related to televisions are not subject to the arbitration agreement. Moreover, the parties agree that the television claims are severable from the computer monitor claims. *See* Dkt. No. 102, at 2; Dkt. No. 110 at 1. It is appropriate, therefore, to proceed with the claims that are not subject to the arbitration agreement. *See Wick v. Atlantic Marine, Inc.*, 605 F.2d at 168. The scope of the arbitration agreement is limited to computer monitor claims pending in Texas.

Therefore, the Court stays Mondis' claims relating to computer monitors pursuant to the Federal Arbitration Act and proceeds with the claims related to televisions.

## IV. Conclusion

For the reasons stated above, the Court STAYS Mondis' claims as they relate to computer monitors. The Court DENIES Defendants' motion to transfer.

SIGNED this 29th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE