**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD., | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 2:07-CV-565 |
| | : | |
| HON HAI PRECISION INDUSTRY CO., LTD, | : | |
| a/k/a FOXCONN, | : | |
| CHIMEI INNOLUX CORP., and | : | JURY |
| INNOLUX CORPORATION | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF MONDIS TECHNOLOGY LTD.'S MOTION TO SUPPLEMENT**
**INFRINGEMENT CONTENTIONS PURSUANT TO PATENT RULE 3-6**

## I.      INTRODUCTION

Pursuant to Patent Rule 3-6, Plaintiff Mondis Technology Ltd. ("Mondis") respectfully moves the Court for leave to supplement its previously-served Infringement Contentions to assert new claims 5-8 and 12-13 of U.S. Patent No. 6,247,090 that were recently issued by the United States Patent and Trademark Office ("PTO") during reexamination proceedings.  The PTO issued the reexamination certificate on July 20, 2010.  Under Patent Rule 3-6(b), a party may supplement its Infringement Contentions with leave of the Court upon a showing of good cause.

Good cause exists here.  The PTO concluded its reexamination of the '090 Patent on July 20, 2010, confirming the patentability of claims 1-4, and allowing additional claims 5-26. Mondis acted diligently to assert six of the new claims, providing Defendants Chimei InnoLux Corp. and InnoLux Corporation (collectively "InnoLux") and Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), (together with InnoLux, "Defendants") with supplemental claim charts on July 23, just days after the reexamination certificate issued, and requesting Defendants' consent to supplement the Infringement Contentions.  The new claims are particularly important, as they have already been approved by the PTO after review of the same prior art Defendants assert in this litigation.  The potential for prejudice to the Defendants is minimal in this instance, as ample time remains in discovery.

Mondis previously provided Defendants with its proposed claim charts for the six new claims, and is attaching proposed supplemental Infringement Contentions to this motion as Exhibit 1.  The parties met and conferred about the present motion on August 6, 2010, and Defendants oppose the motion.  Declaration of Jeffrey B. Plies ("Plies Dec.") ¶ 3.

## II.      FACTUAL BACKGROUND

Mondis filed its initial Complaint (Doc. 1) on December 31, 2007, alleging that Defendants infringed seven of Mondis's patents, including U.S. Patent No. 6,247,090

(hereinafter the "'090 Patent").  On October 17, 2008, Mondis served Defendants with its

Infringement Contentions regarding the '090 Patent pursuant to Patent Rules 3-1 and 3-2.  *See*

Doc. 83.  Two months later, on December 23, 2008, Defendants served their Invalidity

Contentions.  *See* Docs. 97, 98.  Five months after serving Invalidity Contentions, InnoLux

initiated an *ex parte* reexamination of the '090 Patent on May 6, 2009, providing the opportunity

for Mondis to add new claims to the Patent while prosecuting the reexamination.  *See, e.g.,* 37

C.F.R. § 1.530(d)(2) (describing process for patentee to propose new claims during

reexamination).

The PTO concluded its reexamination of the '090 Patent on July 20, 2010, confirming the

patentability of claims 1-4, and allowing additional claims 5-26.  *See* Plies Dec. Ex. 2.  Shortly

thereafter, on July 23, counsel for Mondis notified Defendants' counsel of the PTO's decision,

provided Defendants with supplemental claim charts addressing the six newly-issued claims that

Mondis seeks to assert, and requested Defendants' consent to this motion.  *Id.* Ex. 3.  At that

time, the Parties had not yet exchanged proposed terms and claim elements for construction, and

fact discovery was not set to close for five more months.  *See* P.R. 4-1; Fifth Amended Docket

Control Order (Doc. 182).  Despite ample time remaining before claim construction and the close

of discovery, Defendants indicated they would oppose Mondis's motion to supplement on

August 2.  Plies Decl. Ex. 4.  The parties met and conferred on August 6, but Defendants still

would not consent to Mondis's request to supplement its Infringement Contentions, forcing

Mondis to bring this issue before the Court.  *Id.* ¶ 3.

## III.   LEGAL STANDARD

Where a party seeks to amend or supplement its Infringement Contentions after the

deadline for serving those contentions has passed, the party must seek leave from the Court.  P.R.

3-6(b); *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06-cv-434, 2009 WL 166555, *1 (E.D.

Tex. Jan. 16, 2009) (applying Fed R. Civ. P. 16(b) good cause standard for allowing plaintiff to supplement its infringement contentions).  The Court shall grant such leave upon a showing of good cause.  P.R. 3-6(b); *Arbitron*, 2009 WL 166555 at *1.  The original deadline for Mondis to serve its Infringement Contentions relating to the '090 Patent was October 17, 2008.  The Court has broad discretion to allow a party to supplement its contentions, guided by consideration of the following four factors:  (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendments; (3) the potential prejudice in allowing the amendments; and (4) the availability of a continuance to cure such prejudices.  *Arbitron*, 2009 WL 166555 at *1 (citing *S & W Enters., L.L.C. v Southrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

## IV.    ARGUMENT

All of the discretionary factors that apply in this situation favor allowing Mondis to supplement its Infringement Contentions to add new claims 5-8 and 12-13 of the '090 Patent.

### A.    <u>Mondis's Diligence In Seeking To Supplement Its Infringement Contentions Favors Granting This Motion</u>

Mondis quite literally could not have been more diligent in seeking to supplement its Infringement Contentions.  As the PTO did not allow the new claims to issue until July 20, 2010, there is no question that Mondis could not have included the new claims in its original Infringement Contentions, which it served in a timely manner on October 17, 2008.  *See* Doc. 83. Thus, the only question in evaluating the timeliness of the instant motion is whether or not Mondis has been diligent since the allowance of the six new claims it seeks to assert.  *See Garmin Ltd. v. TomTom, Inc.*, No. 2:06-cv-338, 2007 WL 2903843, * 6 (E.D. Tex. Oct. 3, 2007) ("The good cause standard requires the party seeking relieve to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadline.").  By any reasonable measure, Mondis has been diligent.  On July 23, just three days after the PTO issued the Reexamination

Certificate for the '090 Patent declaring that the new claims were patentable, Mondis contacted

Defendants and informed them of its intention to supplement its Infringement Contentions and

requesting their consent to do so.  *See* Plies Dec. Exs. 2, 3.  Mondis even provided Defendants

proposed supplemental claim charts for six of the new claims at that time.  *See id.* Ex. 3.

Although Mondis created its proposed supplemental claim charts and provided them to

Defendants in just a few days, it took Defendants a week to reply and indicate their opposition on

August 2.  *Id.* Ex. 4.  Mondis promptly sought to meet and confer, which the parties did on

August 6, after which it became clear the parties had reached an impasse and the Court's

involvement would be necessary.  Plies Dec. ¶ 3.

Mondis could not have supplemented its Infringement Contentions any sooner, and courts

in this district have approved amendments where the requesting party was similarly diligent.

*See*, *e.g., Garmin*, 2007 WL 2903843 at * 7-8 (E.D. Tex. Oct. 3, 2007) (allowing plaintiff to

supplement contentions where it sought leave one week after expert deposition that provided the

relevant information); *Arbitron*, 2009 WL 166555 at * 1-2 (allowing leave to amend where the

party sought leave days after receiving interrogatory responses that provided basis for new

theory of infringement); *Maclean-Fogg Co. v. Eaton Corp.*, No. 2:07-cv-472, slip op. at 3 (E.D.

Tex. Oct. 6, 2008) (allowing party to supplement infringement contentions to assert new

products where plaintiff had been diligent throughout discovery and "the delay resulted

principally from requesting additional discovery rather than any gamesmanship."); *Datatreasury

Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, slip op. at 5-6 (E.D. Tex. Jan. 19, 2010) (allowing

plaintiff to amend its infringement contentions to add new instrumentalities two months after

learning the required information during discovery); *VirnetX, Inc. v. Microsoft Corp.*, No. 6:07-

cv-80, slip op. at 4-5 (finding diligence where plaintiff sought leave to amend four months after

4

receiving complete production of source code required for contentions).  That Mondis has been

diligent and requested leave to supplement its Infringement Contentions as soon as it reasonably

could have done so weighs in favor of granting the instant motion.

**B.      The Importance Of The New Claims Favors Allowing Mondis To Supplement Its Infringement Contentions**

The importance of the six newly-allowed claims to Mondis's case is undeniable.  The

new claims are of particular importance because the PTO already found them to be patentable

over the very art Defendants will rely on to argue invalidity in this action.  *See* Plies Dec. Ex. 2.

In fact, of the seven prior art references the examiner found to raise substantial new questions of

patentability – the basis for granting a reexamination – six are now cited as references on the

face of the Certificate of Reexamination as having been substantively considered.  *Compare*

Plies Dec. Ex. 2 with Ex. 5 at p. 3.  The examiner concluded that the seventh reference initially

found to raise a substantial new question of patentability – the VESA Display Definition

Protocol Proposal, Draft 5.05 ("VDDP") – did not even qualify as prior art to the '090 Patent.

*See id.* Ex. 6 at 4 ("the reference VDDP cannot be regarded as a prior art in the instant

proceeding").  All of these references are also references on which Defendants intended to rely in

proving their invalidity case.  The fact that the PTO approved the six new claims over what is

purportedly Defendants' strongest prior art is significant, especially in view of the fact that the

PTO's burden was considerably less than the clear and convincing burden the defendants will

face at trial.   It would be unfair to deny Mondis the opportunity to assert what are potentially its

strongest claims, particularly given that it was ***InnoLux***, not Mondis, that initiated the

reexamination proceedings that resulted in the new claims at issue.

No doubt Defendants will cry foul at the proposition of Mondis asserting these six newly-

allowed claims, and will remind the Court that Mondis is already asserting 108 claims.  Mondis

recognizes, however, that given the practical limitations of trying this case, and in particular the limited number of trial hours that will be allotted to each side, it will eventually be necessary to narrow the scope of the case to a more manageable number of claims.  But it is not necessary to narrow the case at this juncture.  Moreover, it should be up to Mondis how to narrow its case, and which claims to finally assert.  Denying leave to assert the new claims now would take that decision away from Mondis before it has a chance to develop its claims through fact and expert discovery.  Courts in this district often allow amendments to infringement contentions where the amendment may allow the plaintiff to more fully develop an aspect of its case, such as asserting new claims, accusing new instrumentalities, or adding a new theory of infringement.  *See, e.g. Datatreasury*, slip op. at 7-8 ("Given that the proposed amendment seeks to add entire theories, instrumentalities, and claims, the factor of importance weighs in Plaintiff's favor."); *Garmin*, 2007 WL 2903843 at * 7 (finding amendment sufficiently important where it would "give Garmin an alternate means to prove infringement"); *Arbitron*, 2009 WL 166555 at *2 (finding amendment that would provide basis for proving an infringing sale under 35 U.S.C. § 271(a) sufficiently important).  The importance of the newly-issued claims to the litigation therefore favors granting this motion and allowing Mondis to supplement its Infringement Contentions.

## C.     There Is Little Potential For Prejudice In Allowing Mondis to Supplement Its Infringement Contentions

There is little risk of serious prejudice to Defendants if the Court allows Mondis to supplement its Infringement Contentions as requested.  Fact discovery does not close in this matter until December 31, 2010, and expert discovery will not close until well into 2011, as that deadline is keyed off of the Court's claim construction ruling, which itself will not issue until sometime after the January 5, 2011 claim construction hearing.  *See* Fifth Amended Docket Control Order (Doc. 182).  At this point, the parties are only in the most preliminary stage of

claim construction, having just exchanged proposed claim terms for construction on August 2. In fact, had Defendants taken a more reasonable stance and consented to this motion on July 23 when Mondis first raised the issue, there would have been sufficient time for the parties to propose terms from the six new claims for construction under Patent Rule 4-1 before the August 2 deadline, if any terms require construction.  Instead, Defendants waited until that deadline was about to pass to indicate their opposition.  Even now, however, with the submission of the Joint Claim Construction Statement not due until September 21 and the Markman Hearing scheduled for January 5, 2011, there remains ample time to address the new claims, and Mondis would not object to Defendants proposing terms from the new claims for construction.  In short, there is no need for the new claims to have any significant impact on the claim construction schedule.

Beyond claim construction, allowing Mondis to supplement its Infringement Contentions should have little, if any impact on the remainder of the case schedule going forward.  By definition, new claims issued following a reexamination cannot be broader than the original scope of the patent, so the overall breadth of the necessary discovery should not change.  *See* 37 C.F.R. § 1.530(j).  Mondis's proposed supplemental Infringement Contentions assert six of the newly-issued claims, but do not accuse new instrumentalities or add new theories of infringement to previously-asserted claims.  Courts in this district have routinely allowed plaintiffs to amend their infringement contentions in cases at the same stage as the parties here, or even later.  *See, e.g., Arbitron*, 2009 WL 166555 at *2 (finding minimal risk of prejudice from amending infringement contentions after claim construction was complete and trial was only four months away); *Garmin*, 2007 WL 2903843 at * 8 (concluding that additional discovery required by amending infringement contentions would not amount to undue prejudice where, as here, four months of fact discovery remain); *VirnetX*, slip op. at 6 (allowing amendment of infringement

contentions two months before claim construction hearing, finding defendant would still have "sufficient time to adjust its case in response to the amended infringement contentions"). Because there would be no undue prejudice to Defendants, this factor weighs in favor of granting Mondis's motion.

      **D.**      <u>**Allowing Mondis To Amend Its Infringement Contentions Should Not Necessitate A Continuance**</u>

As set forth in the discussion of prejudice, *supra*, the case schedule should not require significant modification, if any, to accommodate Mondis supplementing its Infringement Contentions. As such, the final discretionary factor weighs in favor of allowing Mondis to supplement. *See Arbitron*, 2009 WL 166555 at * 3 (court does not consider continuance where there is no prejudice); *VirnetX*, slip op. at 7 (applying reasoning regarding prejudice and concluding a continuance is not necessary).

**V.**      **CONCLUSION**

As discussed in more detail above, each of the discretionary factors favors a finding that Mondis has established "good cause" for supplementing its Infringement Contentions at this time. Therefore, Mondis respectfully asks that the Court grant Plaintiff Mondis Technology Ltd.'s Motion To Supplement Infringement Contentions Pursuant To Patent Rule 3-6.

DATED:      August 17, 2010

                                Respectfully submitted,

                                  /s/
                                Jeffrey B. Plies
                                jeff.plies@dechert.com
                                Gretchen S. Sween
                                gretchen.sween@dechert.com
                                Dechert LLP
                                300 W. 6th Street, Suite 1850
                                Austin, TX 78701
                                Telephone: (512) 394-3000

Martin J. Black
martin.black@dechert.com
**LEAD ATTORNEY**
Robert D. Rhoad
robert.rhoad@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

*Attorneys for Plaintiff Mondis Technology Ltd.*

**OF COUNSEL:**

Otis W. Carroll
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
fedserv@icklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on August 17, 2010.

/s/
Jeffrey B. Plies

## <u>CERTIFICATION OF CONFERENCE</u>

   Pursuant to Fed. R. Civ. P. 37 and Local Rule 7(h) of the Rules of Practice of the United States District Court for the Eastern District of Texas, I, Jeffrey B. Plies, hereby certify that counsel for both parties met and conferred on August 6, 2010 to resolve the matters at issue in PLAINTIFF MONDIS TECHNOLOGY LTD.'S MOTION TO SUPPLEMENT INFRINGEMENT CONTENTIONS PURSUANT TO PATENT RULE 3-6.  The parties were unable to agree and the Defendants oppose this motion.


                /s/
                Jeffery B. Plies


13866999