**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MONDIS TECHNOLOGY LTD., | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Case No. 2:08-CV-478 |
| | : | |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., AOC INTERNATIONAL, and TPV TECHNOLOGY LTD., | : : : : : : : | JURY |
| | : | |
| Defendants | : | |

**MONDIS'S REPLY IN SUPPORT OF ITS MOTION TO SUPPLEMENT
INFRINGEMENT CONTENTIONS PURSUANT TO PATENT RULE 3-6**

Mondis respectfully submits this Reply in Support of its Motion to Supplement Infringement Contentions Pursuant to Patent Rule 3-6 (Doc. 120).

## I. INTRODUCTION

Defendants' opposition (Doc. 125) to Mondis' motion to supplement its infringement contentions amounts to little more than handwringing. Nothing in TPV's brief negates the importance of Mondis new claims, in particular the fact that they have been allowed over the best alleged prior art located by the Defendants. Similarly, TPV struggles to argue that Mondis's contentions are untimely, absurdly asserting that Mondis should have approached TPV about amending its contentions before the new claims had even been issued by the PTO. Of course, TPV does not state that this would have made any difference. Surely, TPV would have still opposed Mondis's motion. The simple fact is that Mondis requested TPV's consent and provided draft contentions just three days after the claims issued and there is no reasonable dispute that this was timely.

Desperate to find a reason to oppose Mondis's motion, TPV harps on the fact that Mondis included a reference to an alternative feature (*i.e.*, HDMI port) in its contentions for three of the four new claims. Contrary to TPV, Mondis could not have included HDMI in its earlier contentions for the simple reason that the new claims did not exist when Mondis served its original contentions. Further, the new claims are not directed at electrical interfaces but instead concern the data contents of memories. HDMI is simply an additional example of an interface having such an accused memory. TPV provides no evidence that the mere inclusion of HDMI greatly complicates the case or causes prejudice with many months to go before the close of discovery.

## II.     ARGUMENT

### A.     Factor 1 – Mondis Was Diligent In Seeking Leave To Amend

TPV does not, and could not, suggest that Mondis should have sought leave to amend its contentions any sooner than it did in July. Instead, TPV argues that Mondis should have told TPV that it wanted to add potential new claims three months earlier when the PTO first issued the Notice of Intent to Issue Reexamination Certificate in April. Doc. 125 at 6, 10-11. TPV's suggestion is neither practical nor reasonable. A patentee does not know what claims will properly issue until the reexamination certificate is published. Indeed, in the very reexamination certificate at issue here, the PTO made errors in the publication of most of Mondis's new claims, forcing Mondis to file a certificate of correction. *See* Plies Decl. Ex. 1 (Mondis's request for certificate of correction). Tellingly, TPV never suggests that it would have consented to such an amendment in April even if Mondis had approached TPV at that time. Nor does TPV explain how an additional three months would have been significant when at the time Mondis approached TPV in July there were still seven months left in fact discovery.

TPV next argues that Mondis's contentions are allegedly untimely because Mondis could have included HDMI interfaces in its earlier contentions. Doc. 125 at 9-10. TPV's argument makes no sense. At present, Mondis is not attempting to supplement its <u>originally asserted claims</u> with new evidence (*e.g.*, HDMI). Instead, Mondis is seeking to add <u>newly issued claims</u> to the case. Necessarily, <u>all</u> the contentions relating to new claims are new contentions. Stated differently, because the new claims Mondis seeks to add did not exist, Mondis could not have included HDMI interfaces for those claims in its original contentions.

In each case TPV cites where a court refused to allow the plaintiff to assert additional claims, to accuse additional products, or to add a new theory of infringement, the plaintiff *could have* made those contentions at an earlier date. *See Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp.

2

2d 664, 670 (E.D. Tex. 2007) (Nike knew of its equivalence theory at least six months earlier); *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 371 (N.D. Cal. 2002) (LG could have alleged infringement against additional products earlier); *Realtime Data LLC v. Packeteer, Inc.*, No. 08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (plaintiff failed to identify any evidence supporting the new contentions that was not available earlier); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 07-cv-559, 2009 WL 81874, at *5 (E.D. Tex. Jan. 12, 2009) (contentions could have been supplemented a year earlier).  Here, Mondis could not include HDMI in its contentions for the new claims earlier, because the new claims were not in the case.

        B.        <u>Factor 2 – The New Claims Are Important To Mondis' Case</u>

With regard to the new claims, TPV takes the curious position, contrary to its stance regarding prejudice, that the new claims add nothing to the case.  Doc. 125 at 13 ("the new dependent claims do not have any special significance.").  But TPV's argument relates exclusively to the importance of the new claims with respect to <u>infringement</u>.  As explained in Mondis's opening brief, the importance of the newly issued claims is indisputable from the standpoint of <u>validity</u>, because they were issued by the PTO in view of the very best alleged prior art located by the Defendants in this case and related case 2:07-cv-565-TJW.  Additionally, since all the new claims depend from the original independent claims, which were also confirmed as patentable by the PTO, they are necessarily narrower than the original claims, making it even more difficult for Defendants to prove that they are invalid.

        C.        <u>Factor 3 – There Is Limited Potential For Prejudice To TPV</u>

Having no real argument for prejudice, TPV attempts to make a mountain out of a molehill by arguing that the inclusion of HDMI as an accused feature in three of the four new claims somehow changes the whole character of the case.  This is false.  Neither an interface, nor HDMI in particular, is the focus of any of the new claims that Mondis seeks to add.  Instead,

3

claims 5, 6, and 13 relate to the nature of an identification number stored in memory. Claim 12 relates to an LCD controller and LCD display panel and does not relate to HDMI at all.

As stated in Mondis's proposed contentions, there is a memory storing ID numbers attached to each input port of the accused instrumentality, wherein these input ports include "VGA, DVI, and/or HDMI." Doc. 120-2 at 6-7 (of 45). Mondis's contention is that the memories for each port contain the same types of ID numbers, which meet the limitations of the claims. *Id*. HDMI is merely one alternative port, in addition to DVI and VGA, that possesses such a memory. TPV alleges that HDMI requires a completely "separate technical analysis" but this is erroneous because the new claims are concerned with the ID numbers in the memories rather than the interfaces themselves, and Mondis's contentions are that the ID numbers stored in the memories are the same for purposes of infringement. *See* Doc. 125 at 14 and Doc. 120-2 at 6-7 (of 45). In short, there is nothing special or unique about HDMI; it is merely another interface possessing the same memory and stored data that has already been accused by Mondis in its previous contentions for the original asserted claims.

Nor would the impact on the claim construction schedule prejudice TPV. First, had TPV consented to Mondis' request, this would have been resolved in July without affecting that schedule at all. Instead, TPV took longer to refuse consent than Mondis took to prepare its amended contentions. In the majority of cases TPV cites, the plaintiff sought leave to amend its infringement contentions *after claim construction*. *See O2 Micro Int'l Ltd v. Monolith Power Sys., Inc.*, 467 F.3d 1355, 1360 (Fed. Cir. 2006); *LG Elecs.*, 211 F.R.D. at 362-63; *Nike, Inc.*, 479 F. Supp. 2d at 666; *Realtime Data*, 2009 WL 2590101 at *4. In one of TPV's remaining cases, there was already a dispositive motion pending when plaintiff sought to add contentions for an additional patent, *see Berger v. Rossignol Ski Co.*, No. 05-2523, 2006 U.S. Dist. LEXIS 23085 at

*4-6 (N.D. Cal. Apr. 25, 2006); and in the other, the plaintiff sought to expand the case from 3 accused products to 55, a far greater increase in scope than Mondis seeks. *See Davis-Lynch*, 2009 WL 81874 at *5. None of these circumstances apply here.

  **D.**  **Factor 4 – A Continuance Is Unnecessary**

Allowing Mondis to supplement its contentions need not necessitate a continuance of either the trial date or the *Markman* hearing. There are still over three months before the *Markman* hearing in this case, almost five months before the close of fact discovery, and at least as much time before the close of expert discovery. *See* Docket Control Order (Doc. 73). This leaves ample time for TPV to adjust its claim construction strategy and obtain any additional discovery it may require to address the supplemental contentions. Mondis is willing to stipulate to modifications of the briefing schedule, or to allow TPV to disclose additional terms for construction if necessary (although, had TPV consented in the first place, this could have been avoided). In the only case TPV provides as authority for refusing to allow a plaintiff to supplement before *Markman*, the court found that the plaintiff could have supplemented a year earlier, which Mondis clearly could not have done. *See Davis-Lynch*, 2009 WL 81874 at *5. TPV also complains that it will be required to re-analyze the prior art if Mondis is allowed to supplement. TPV will have to do this regardless of the supplemental contentions, as the PTO already rejected TPV's primary theories of invalidity during reexamination. In any event, merely causing a party to reevaluate evidence is not prejudice unless it cannot be accomplished prior to the end of discovery, which is not the case here.

**III.**  **CONCLUSION**

For the foregoing reasons, Mondis respectfully requests that the Court grant Mondis's motion.

DATED: September 30, 2010

RESPECTFULLY SUBMITTED,

/s/
Jeffrey B. Plies
jeff.plies@dechert.com
Gretchen S. Sween
gretchen.sween@dechert.com
Dechert LLP
300 W. 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000

Martin J. Black
martin.black@dechert.com
**LEAD ATTORNEY**
Robert D. Rhoad
robert.rhoad@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000

*Attorneys for Plaintiff Mondis Technology Ltd.*

**OF COUNSEL:**

Otis W. Carroll
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071
**FEDSERV@ICKLAW.COM**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on September 30, 2010.

                                                    /s/
                                          Jeffrey B. Plies